JAMES A. OLIFF (*pro hac vice* pending)
joliff@oliff.com
JOHN W. O'MEARA (*pro hac vice* pending)
jomeara@oliff.com
PETER T. EWALD (*pro hac vice* pending)
pewald@oliff.com
OLIFF PLC
277 South Washington St., Suite 500
Alexandria, Virginia 22314
Tel:  (703) 836-6400; Fax:  (703) 836-2787

LOCAL COUNSEL:
Susan van Keulen, State Bar No. 136060
svankeulen@omm.com
Jonathan Crawford, State Bar. No. 267829
jcrawford@omm.com
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, CA 94025
Tel:  (650) 473-2600; Fax:  (650) 473-2601

Attorneys for Plaintiff F & T Spagnolo Pty Ltd.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| F&T SPAGNOLO PTY LTD. | Case No. |
| Plaintiff, | **COMPLAINT FOR** |
| | **(1) BREACH OF CONTRACT** |
| v. | **(2) PATENT INFRINGEMENT** |
| THE WINE GROUP, INC. | DEMAND FOR JURY TRIAL |
| Defendant. | |

**THE PARTIES**

1. Plaintiff F&T Spagnolo Pty Ltd. ("Spagnolo") is a company organized under the laws of Australia, with a place of business at 663 San Mateo Avenue, Mildura, Victoria 3500, Australia.

2. On information and belief, The Wine Group, Inc. ("TWG") is a corporation organized under the laws of California, with a place of business at 4590 Tesla Road, Livermore, CA 94550.

Case No. _____
COMPLAINT

## JURISDICTION AND VENUE

3. Plaintiff brings Count One of this action based on TWG's breach of a settlement agreement between the parties, which arose from a patent infringement lawsuit instituted in this Court by Spagnolo against TWG, and pursuant to which the Parties agreed that this Court would retain jurisdiction for any dispute regarding the settlement agreement.  Count One is further brought under federal diversity jurisdiction, 28 U.S.C. 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

4. Plaintiff brings Count Two of this action under the patent laws of the United States, Title 35, United States Code, pursuant to which jurisdiction is conferred on this Court under 28 U.S.C. §§1331 and 1338(a).

5. Venue is proper in this district under 28 U.S.C. §§1391(b) and (c), and 1400(b).

## INTRADISTRICT ASSIGNMENT

6. Pursuant to Civil L. R. 3-2(c), intellectual property actions are assigned on a district-wide basis.

## FACTUAL BACKGROUND

7. Spagnolo is the owner of U.S. Patent No. 6,523,337 (the "337 Patent"), which issued on February 25, 2003.  A copy of the 337 Patent is attached as Exhibit 1.

8. The 337 Patent is directed to a pruning machine for pruning vegetation.

9. On February 26, 2007, Spagnolo filed a complaint against TWG in the U.S. District Court for the Northern District of California, San Francisco Division, Civil Action No. 3:07-cv-01149-SI, asserting infringement of the 337 Patent (the "Lawsuit").  In particular, Spagnolo asserted in the Lawsuit that TWG infringed the 337 Patent by making and using in the United States pruning machines encompassed by claims of the 337 Patent (the "Accused Machines").  A photograph of one of the Accused Machines is attached as Exhibit 2.

10. In March, 2007, the Parties reached a written agreement to resolve the Lawsuit. In accordance with the terms of the settlement of the Lawsuit, TWG was permitted to continue to use a limited number of Accused Machines under specified conditions for its own use and for a fee.

11. In March 2016, Mr. Fred Spagnolo of Spagnolo observed a pruning machine being used by TWG in Madera, California, which was a reconstructed version of one of the Accused Machines (the "Reconstructed Machine") in violation of the terms of the settlement of the Lawsuit. An annotated photograph of a Reconstructed Machine is attached as Exhibit 3.

12. As evident by a comparison of Exhibits 2 and 3, the significant modifications made by TWG to at least one of the Accused Machines include at least the substitution of significantly larger pruning apparatus (26) and different arm (48).

13. By letter dated March 30, 2016, Spagnolo, through counsel, notified TWG that TWG's making and use of the Reconstructed Machine was in violation of the settlement of the Lawsuit, and demanded that TWG immediately discard, destroy and not use any Reconstructed Machine.

14. TWG, through counsel, responded in an April 29 letter to Spagnolo's March 30, 2016 letter, but failed to acknowledge TWG's violation of the settlement or respond to Spagnolo's demands.

15. In a May 3, 2016 letter, Spagnolo subsequently requested that TWG advise Spagnolo of the number of the Accused Machines that had been modified and in what respects.

16. On information and belief, in addition to the Reconstructed Machine observed by Mr. Spagnolo in March 2016, TWG has impermissibly reconstructed other ones of the 9 Accused Machines in a similar manner.

17. To date, TWG has refused to provide the requested information or to rectify its violation of the settlement of the Lawsuit.

## COUNT ONE

### (Breach of the Settlement Agreement)

18. Paragraphs 1-17 above are hereby fully incorporated herein by reference.

19. According to the terms of the settlement of the Lawsuit, TWG was permitted to use only a limited number of Accused Machines under specified conditions for its own use and for a fee.

20. TWG made and is using the Reconstructed Machine, as shown in Exhibit 3.

1  21. TWG has breached the terms of the settlement of the Lawsuit at least by
2  impermissibly making and using the Reconstructed Machine(s).
3  22. Spagnolo has been harmed by TWG's breach and TWG will continue to breach
4  the settlement of the Lawsuit unless enjoined by the Court.

**COUNT TWO**

**(Infringement of 337 Patent)**

23. Paragraphs 1- 22 above are hereby fully incorporated herein by reference.
24. The Reconstructed Machine(s) infringe at least claim 1 of the 337 Patent. In particular, as reflected in the attached Exhibit 3: (i) TWG's Reconstructed Machine(s) are designed for pruning grape vines growing on at least upper and lower vertically-spaced support wires; (ii) TWG's Reconstructed Machine(s) have two pruning assemblies (16) having at least a first pair of vertically spaced pruning apparatus (26); (iii) each pair of TWG's vertically spaced pruning apparatus (26) is disposed on the same drive shaft (24); (iv) each of TWG's vertically spaced pruning apparatus includes a movable pruning plate (44) having a set of blades positioned thereon (46); (v) each of TWG's vertically spaced pruning apparatus also includes a stationary pruning plate (40) having a set of blades (42) positioned thereon, and the stationary pruning plate (40) is prevented from rotating by arm (48); and (vi) each pair of TWG's vertically spaced pruning apparatus (26) are separated by an amount less than the vertical spacing of said upper and lower support wires.
25. TWG will continue to infringe the 337 Patent unless enjoined by the Court.
26. TWG had knowledge of the 337 Patent, and has therefore infringed the 337 Patent willfully and deliberately, thereby making this an exceptional case under 35 U.S.C. §285.

WHEREFORE, Spagnolo respectfully prays that this Court:

A. Adjudge and decree that TWG has breached the terms of the settlement of the Lawsuit;

B. Order the enforcement of the settlement of the Lawsuit according to the terms originally agreed upon by the parties;

C. Preliminarily and permanently enjoin TWG, its officers, agents, employees, and those in active concert or participation with them, from continuing to breach the settlement of the Lawsuit;

D. Adjudge and decree that the Reconstructed Machine(s) infringe one or more claims of the 337 Patent;

E. Preliminarily and permanently enjoin TWG, its officers, agents, employees, and those in active concert or participation with them, from continuing to infringe the 337 Patent;

F. Order that TWG immediately destroy, discard and not make any further use of any Reconstructed Machine;

G. Order TWG to pay damages sustained by Spagnolo by reason of TWG's breach of the terms of the settlement of the Lawsuit and infringement of the 337 Patent, together with interest and costs;

H. Adjudge and decree that TWG's infringement of the 337 Patent has been and is willful and deliberate, and award Spagnolo increased damages under 35 U.S.C. §284;

I. Award Spagnolo attorneys' fees pursuant to 35 U.S.C. §285, and/or any other appropriate provisions of law; and

J. Award Spagnolo such further relief as this Court deems just and proper.

**JURY DEMAND**

Spagnolo hereby demands, pursuant to Fed. R. Civ. P. 38, a trial by jury on all issues so triable.

Dated, this 21st day of June, 2016

SUSAN VAN KEULEN
JONATHAN CRAWFORD
O'MELVENY & MYERS LLP

By: /s/ Susan van Keulen
　　　Susan van Keulen

Attorneys for Plaintiff
F&T SPAGNOLO PTY LTD.